IN SERIVEN SUPERIOR COURT, OCTOBER, 1833.

IN CHANCERY.
{ MATTHEW SMITH and ABIGAIL his Wife, WILLIAM SPELL and JOHN C. SPELL, Complainants, *vs.* THOMAS W. OLIVER, Administrator of JAS. OLIVER, who was Executor of WILLIAM OLIVER, Defendant.

Letters of dismission, fairly and legally obtained from the Court of Ordinary, as effectually protect executors and administrators from all further liability as such, as a decree of the Court of Chancery could do.

The constitutionality of the act of 1810, Prin. Dig. 168, affirmed.

THIS bill is filed by certain legatees of William Oliver, to compel a discovery and account of the estate of the said William Oliver, and payment of the sums of money and legacies to which the complainants may be found entitled.

The defendant, who was the administrator of James Oliver, the executor of William Oliver, has interposed a demurrer and plea ; the first resting on the ground of a want of privity between the complainants and the defendant, the second upon a release and discharge granted by the Court of Ordinary to the defendant from his further liability as administrator of the estate of James Oliver. On both the defendant relies with confidence, though insisted upon by complainants' solicitor, that it has become unimportant to inquire whether or not there be good cause of demurrer, as it has been overruled by the plea. The court having heard argument and considered this case, decides it upon the plea alone, which is conclusive for the protection of the defendant, even if the demurrer should be adjudged to be overruled by the plea, or should be disallowed by the court.

In the act of 15th December, 1810, for the more effectual-

SCRIVEN,
October, 1833.

SMITH and
Wife
v.
OLIVER, Adm'r.

ly securing the probate of wills, &c. (Prin. Dig. 168,) provision is made for the release from liability of executors and administrators who have faithfully and honestly discharged the trust and confidence reposed in them. Such release this defendant has obtained, and now pleads. Whether he was entitled to it, was a matter to be inquired into and adjudged by the Court of Ordinary, which is supposed to have done its duty in that regard. It is not pretended that the release was obtained by any fraudulent practices, but yet is contended that before it could have been legally obtained, certain prerequisites of the law must have been strictly complied with, such as the petition to the court, the order for citation, its publication, the examination by the court into the administration, and their judgment of its faithfulness and honesty; and that before the release pleaded can be considered by this court as valid, these prerequisites must be made to appear here.

If this court were called upon to review the proceedings of the Court of Ordinary, such scrutiny would be necessary: But it can neither be necessary nor proper in deciding upon the effects of the order or judgment of that court.

The power of the legislature to pass the act of 1810, before referred to, is not denied, though the constitutionality of the act itself is denied on another ground. The legislature then acting within the compass of its power, have provided, and wisely too, that the liabilities of executors and administrators shall not be eternal, or only barred by a tedious and expensive proceeding in equity. A more summary and less expensive mode is therefore provided, which is by the judgment of the Court of Ordinary. This judgment, unreversed, is as good and effectual as the decree of a Court of Equity could be. To decide that such judgment does not constitute a good bar to farther liabilities, would be to destroy the whole beneficial effect of the act. And in this case it would be to destroy it in favor of a claim, for which, probably, this defendant never could have been held answerable to the complainants.

This act of the legislature is not repealed, as it was contended to have been, by the amendatory act of the 10th December, 1812. The provision of the act of 1810, for granting letters dismissory, is not directly repealed by the act of 1812, and the provision in the latter act in regard to refunding bonds, is perfectly consistent with that of 1810, under which the release and discharge now pleaded was obtained.

The constitutionality of the act of 1810, has been denied; but of it, the court has no doubt. "Nor shall any law or ordinance pass, containing any matter different from what is expressed in the title thereof," is the part of the constitution said to be violated by that provision of the act which relates to administrators.

Now though it be true that there is nothing in the title

which points directly to this particular provision, yet the matter or subject of the act as expressed in the title relates to the power of the Court of Ordinary over the estates of deceased persons; and although administrations be not particularly mentioned, they may well be included in the general expressions used, as the provision under consideration cannot properly be said to be different from the matter expressed.

The judgment of the court must therefore be in favor of the plea.